# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 675
### TOD et v. STRUTHERS (City)
Ohio Appeals, 7th Dist., Mahoning County
Decided March 14, 1924

103. ASSESSMENTS — 1. Term "street" in statutes includes right to sidewalk.

2. Municipality cannot abolish sidewalk injuring abutting property owners without responding in damages·

3. Unreasonable use of sidewalk by municipality held improper.

POLLOCK, J.                Epitomized Opinion
    Published Only in Ohio Law Abstract

This was an action by Tod to enjoin the city of Struthers and others from the widening of a street. State street in Struthers extended in an easterly and westerly direction and the city had improved the vehicle part of this street by granding and paving with brick, leaving on the south side 10 feet between the curb and the property line and on the north side 8 feet. The south side of the street had been built up quite solidly by buildings used to a considerable extent for business and other buildings for residences. Tod owned a strip of land on the north side of the street.

In 1920 the council passed a resolution to onstruct a sidewalk along the north side of the street, including the part abutting the Tod property, but nothing further was ever done. In 1923 the council passed the necessary legislation to improve the 8-foot strip on the north side of State street for vehicle travel instead of for a sidewalk. When the Tod estate learned of this procedure they brought an action to enjoin the construction of this street claiming that the city could not convert this strip into a street after it had set it apart for a sidewalk, without first appropriating the property for vehicle purposes. An appeal was prosecuted. In enjoining the construction of said street, the Court of Appeals hold:

1. Where the term "street" with reference to the rights of the abutting property owners is used in a statute or ordinance, it includes the rights in the sidewalk.

2. A municipality cannot abolish a sidewalk in front of the owner's business property nor unreasonably narrow such sidewalk so as to destroy his rights without answering in damages·

3. Municipalities cannot unreasonably or arbitrarily destroy not merely the pavement laid down by the property owners, but destroy their right to even have a sidewalk along their property.

Attorneys—A. B. Calvin and Osborne Mitchell, for Tod et al; P. N. Moore and Perry Robinson for city of Struthers; all of Youngstown.